**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09 cv 231**

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY )<br>OF HARTFORD, TRANSPORTATION )<br>INSURANCE COMPANY, AMERICAN )<br>CASUALTY CO. OF READING, PA, and )<br>CONTINENTAL CASUALTY COMPANY, )<br>       )<br>   Plaintiffs )<br>       )<br>v )<br>       )<br>JOSE TRUCKING CORP. d/b/a G & P )<br>CONTRACTORS, INC., and G & P )<br>CONTRACTORS, INC., )<br>       )<br>   Defendants. ) | **ORDER** |

THIS MATTER comes on to be heard before the undersigned, pursuant to a Motion to Compel Discovery Responses (#17) filed by the plaintiffs. The defendants responded to the motion (#20) and the plaintiffs have filed a reply (#21). The matter has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and is now ripe for determination.

### I.   **Factual and Procedural History**

On June 8, 2009, the plaintiffs filed a Complaint for Declaratory Relief against the defendants requesting the court to enter a declaratory judgment stating the plaintiffs did not have any obligation to defend or indemnify the defendants, pursuant to six Commercial General Liability Insurance policies issued by the plaintiffs between September 1, 1995 to September 1, 2005 to the defendants (Complt. ¶¶ 26-31) and five commercial umbrella liability insurance policies issued by the plaintiffs

to the defendants from September 1, 1995 to September 1, 2005.  Complt. ¶¶ 32-36. In the Complaint, the plaintiffs allege that in 1997 the defendants contracted with a general contractor to install lightweight concrete in the construction of Montecito Enclave apartments, a 13-building condominium complex located in Charleston, South Carolina.  Complt. ¶¶ 13, 15.  The Complaint further alleges that construction defects became apparent in the condominiums and as a result, the owners of the project filed a Complaint in South Carolina state court against the contractor and the defendants.  Complt. ¶¶ 14, 18.  The contractor has asserted a cross-claim against the defendants for indemnity.  Complt. ¶ 21.  In the declaratory judgment action, the plaintiffs contend that:  (1) the insurance policies do not provide coverage; and (2) the defendants did not timely provide notice of the South Carolina state action to the plaintiffs and the late notice is a bar to any coverage.  Complt. ¶ 58.  The defendants filed an Answer to the Complaint and a Counterclaim on August 17, 2009 (#13).  The plaintiffs answered the counterclaim on December 18, 2009 (#19).

On August 31, 2009, the plaintiffs served defendants' counsel with "Plaintiffs First Set of Interrogatories" (#18-1) and "Plaintiffs First Request for Production of Documents" (#18-2).  The defendants did not timely answer the interrogatories or respond to the request for production of documents.  Pltf's Motion #17, p. 2.  On November 10, 2009, Chief District Judge for the Western District of North Carolina Robert J. Conrad, held a pretrial conference with counsel for the plaintiffs and the defendants.  It is alleged that Judge Conrad allowed the defendants until November

24, 2009 to answer the interrogatories and respond to the request for production of documents. Pltf's Memorandum, p. 2. On November 25, 2009, defendants counsel requested that plaintiffs counsel grant a further extension for the discovery to be provided up to December 4, 2009 to which plaintiffs counsel did not respond. Def. Response p. 2, ¶ 7. When discovery was not provided by the defendants the plaintiffs filed the Motion to Compel (#17, 18) on December 8, 2009.

On December 22, 2009 the defendants filed a "Memorandum in Opposition to Motion to Compel" (#20). Attached to the memorandum were copies of the responses to the interrogatories and request for production of documents (#20-1). In the responses, the defendants objected to the interrogatories and directed the plaintiffs to contact an attorney who is representing the defendants in the South Carolina state action for answers to many of the interrogatories. Responses to Interrogatories # 20-1, ¶¶ 4, 5, 8, 10, 12, 19, 21 & 22. In responding to the request for production of documents, the defendants state they will provide many of the documents "in a manner consistent with a manner said records are kept and stored by the plaintiffs" (Response to Request for Production #20-1, p. 12) or by directing the plaintiffs to the attorney representing the defendants in the South Carolina state action (Response to Request for Production of Document #20-1, p.12). In defendants' counsel's memorandum he states he could not timely provide the answers or documents due to ill health. Def's Memorandum #20,¶¶ 1, 2, 3, 4 & 6.

In the plaintiffs reply, plaintiffs contend the answers of the defendants are not sufficient. Plaintiffs counsel also contends that the defendants attorney never

mentioned any ill-health until filing the "Memorandum in Opposition to Motion to Compel" on December 22, 2009. Reply #21, p. 2, ¶ 3.

## II. **Discussion**

Standard of Review.

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. Lonestar Steak House and Saloon, Inc. vs. Alpha Va., Inc., F.3d 922, 929 (4th Cir. 1995).

Rule 33(b) of the Federal Rules of Civil Procedure provides as follows:

(b)   Answers and Objections.

> (1) **Responding Party**. The interrogatories must be answered:
>
>> (A) by the party to whom they are directed; or
>>
>> (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.
>
> (2) **Time to Respond.** The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.
>
> (3) **Answering Each Interrogatory**. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.
>
> (4) **Objections**. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.
>
> (5) **Signature**. The person who makes the answers must sign them, and the attorney who objects must sign any objections.

Rule 34(b)(2) of the Federal Rules of Civil Procedure provides with respect to request for production of documents as follows:

(2) **Responses and Objections**.

    (A) Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

    (B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

    (C) Objections. An objection to part of a request must specify the part and permit inspection of the rest.

    (D) Responding to a Request for Production of Electronically Stored Information. The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form – or if no form was specified in the request – the party must state the form or forms it intends to use.

    (E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

        (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

        (ii) If a request does not specify a form for producing electronically stored information, a party must, produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

        (iii) A party need not produce the same electronically stored information in more than one form.

On December 22, 2009, fourteen days after the plaintiffs' Motion to Compel was filed, the defendants filed purported answers to the interrogatories and response to the request for production of documents. The answers to the interrogatories and the responses are insufficient and in almost all respects are considered by the undersigned to be a complete failure to respond.

In making their answers, the defendants have failed to comply with the Pretrial Order entered by Judge Conrad (#16). In the Pretrial Order, Judge Conrad set forth instructions concerning the answering of interrogatories:

> C. RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION: Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

The defendants responses have not complied in any respect with the above set forth paragraph of the Pretrial Order. In considering the contentions of the plaintiffs that the defendants responses are deficient, the undersigned has been required to first find the Interrogatory or Request for Production of Documents (#18-1, 18-2), then the undersigned has been required to find the corresponding answer (#20-1). This constant cross-reference has caused the court to have to spend an inordinate amount of time and effort to review the answers to the interrogatories and request for production of documents. In the defendants response, defendants counsel states that he requested of plaintiffs counsel an "electronic copy of the subject discovery request to facilitate drafting responses" (#20, p. 2) and plaintiffs counsel did not provide the electronic copy. Despite that fact, defendants counsel should have complied with the

order and had either the interrogatories and request for production of documents scanned or had the interrogatories and request for production of documents retyped in providing the answers.

The answers to the interrogatories contain both general objections and specific objections which were not objected to within the time set forth by the Federal Rules of Civil Procedure for such objections. Despite failing to object within the times allowed by the Federal Rules of Civil Procedure, the defendants have raised several "general objections" (#20, pp. 2,3). The defendants have also objected specifically to responding to interrogatory #9 and #18 and have not provided an answer at all to those interrogatories (#20-1, pp. 7, 9). The defendants have also objected to interrogatory #20 (#20-1, p.8). The time to respond and raise objections is set forth in Fed. R. Civ. P. 33(b)(2) as follows: "The responding party must serve its answers and any objections within thirty days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." The undersigned has examined the file and cannot find any such stipulation or motion. The failure of the defendants to file objections within the time fixed by the rule constitutes a waiver of any objection. Calvillo-Mejia vs. Cruz, 1992 WL 345530 (E.D.N.C. 1991).[1] Davis vs. Fendler, 650 F2d 1154, 1160 (9th Cir. 1981). Both the general and the specific objections of the defendants to the interrogatories must be considered as waived and the objections are overruled. The defendants will be

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

required by the undersigned to answer the interrogatories fully and completely.

The answers to the interrogatories are not sworn as required by Fed. R. Civ. P. 33(b)(3). The rule is specific and requires that "each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." The answers of the defendants to the interrogatories do not show that they were executed in such fashion.

The undersigned has reviewed and read in detail the answers to the interrogatories and the response to the request for production of documents. The general rule that governs such review is set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure which provides that:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in this action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

The review has shown to the undersigned that the responses of the defendants to the majority of the interrogatories and to a majority of the request for production of documents were, in the opinion of this court, effectively no responses at all. In answers to interrogatories #2, 4, 5, 12, 13, 19, 21 and 22, the defendants refer the plaintiffs to the attorney who is defending the South Carolina state action on behalf of the defendants for answers to the interrogatories. They refer to the attorney as "plaintiffs counsel appointed in the Underlying Action." (Sic) The attorney for the

defendants in the underlying action is not "plaintiffs appointed attorney". He is the attorney who is representing the defendants in the South Carolina action. He may have been retained by the plaintiffs to present such a defense, but he is the defendants' attorney nonetheless. It is the defendants who are required to provide the answers and documents, not their attorney in the state action. The defendants, in this case, have an obligation to acquire knowledge to answer the interrogatories.

> The answers to interrogatories must be responsive, full, complete and unevasive. The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. N.L.R.B. v. Rockwell-Standard Corp., Transmission & Axle Division, Forge Division, 410 F.2d 953 (Sixth Cir. 1969); Olmert v. Nelson, 60 F.R.D. 369 (D.D.C. 1973); Pilling v. General Motors Corp., 45 F.R.D. 366 (D. Utah 1968). If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf or other agents or representatives, whether personally known to the answering party or not. Wycoff v. Nichols, 32 F.R.D. 370 (W.D. Mo. 1963); see General Dynamics Corp. V. Selb Manufacturing Co., 481 F.2d 1204 (Eight Cir. 1973), cert. Denied, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1074). If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information. International Fertilizer & Chemical Corp. V. Brasileiro, 21 F.R.D. 193 (S.D.N.Y. 1957). Miller v. Doctor's General Hospital, 76 F.R.D. 136, 140 (W.D. Ok. 1977).

The referral by the defendants to the plaintiffs to the attorney is not considered by this court to be a full and sufficient answer.

From an examination of the answers it appears that between the time of the construction of the condominiums which are the subject of the state action and the time of the filing of the state Complaint, the shareholders, officers and employees of the defendants changed. In the answer to interrogatory #8, the defendants refer to the

"former owners" (#20-1, p. 6). In the answer to interrogatory #23, the defendants state:

> G&P has no records of the work performed on any structure in the Project which is the subject of the Underlying Action. Further, G&P has no employee who has a clear memory of working on said Project generally or specifically. As the current ownership understands the work performed by the former owners during the time the Underlying Project was constructed was the installation of lightweight concrete products on balconies, stairways, breezeways and interior apartment slabs. G&P could have performed any or all of these tasks on the Project. #20-1, p. 10.

The defendants cannot avoid answering the interrogatories in such a fashion. The burden is on the defendants to make an inquiry and obtain information to answer the interrogatories which would include obtaining the information to fully and completely answer the interrogatories from either "former owners", former employees, former shareholders or former officers of the defendants.

As a result of the answers by the defendants to the interrogatories which refer the plaintiffs to the attorney representing the defendants in the South Carolina state action, the undersigned has determined the defendants may be making an attempt to take advantage of Rule 33(d) of the Federal Rules of Civil Procedure. This rule allows a party to produce business records which contain the answers to the interrogatories and require the interrogating party to examine the records to obtain the answers. The rules specifically provides as follows:

> (d) Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

In their answers, the defendants neither specifically assert that they are providing business records instead of answers nor do they refer to Rule 33(d). The defendants are merely asserting that the answers can be provided by the attorney representing the defendants in the South Carolina state action. (#20-1, responses 2, 4, 5, 12, 13, 19, 21 and 22). The rule does not provide for a reference to documents in the custody of another. Even if the defendants had cited Fed. R. Civ. P. 33(d), the defendants are required to meet certain requirements to comply with the rule.

> The producing party must satisfy a number of factors in order to meet its justification burden. First, it must show that a review of the documents will actually reveal answers to the interrogatories. 8A Wright, *supra, §* 2178, at 330. In other words, the producing party must show that the named documents contain all of the information requested by the interrogatories. Oleson v. Kmart Corp., 175 F.R.D. 560, 564 (D.Kan. 1997). Crucial to this inquiry is that the producing party have adequately and precisely specified for each interrogatory, the actual documents where information will be found. 8A Wright, *supra, §* 2178, at 336. Documents dumps or vague references to documents do not suffice. Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486 (W.D.N.C. 1998) (220 boxes); In re Bilzerian, 190 B.R. 964 (Bankr.M.D. Fla. 1995) (28 boxes). Depending on the number of documents and the number of interrogatories, indices may be required. O'Connor v. Boeing North American, Inc., 185 F.R.D. 272, 278 (C.D. Cal. 1999).

United States Securities & Exchange Commission v. Elfindepan, S.A., 206 F.R.D. 574, 576, 577 (M.D.N.C. 2002). The responses of the defendants do not meet any of these requirement. The responses are evasive and incomplete and are considered to

be no answers at all to the interrogatories.

In interrogatory #25 the defendant was asked the following: "State the amount of legal fees, costs and expenses incurred by you in connection with the defense of the Underlying Action." The defendants answered as follows: "G&P has engaged counsel to defend the underlying action since receipt of the First Amended Complaint in that action. Current expenditures exceed $60,000.00". The undersigned considers this answer to be incomplete and evasive. How much do the expenses exceed $60,000.00? What are the legal fees? What are the costs and expenses? The defendants have a duty to answer "without evasiveness and in good faith". <u>Van Der Heydt v. Kennedy</u>, 229 F.2d 459, 462 (D.C. Civ. 1962). The defendants, in this answer, have failed to comply with that duty.

The defendants responded to the request for production of documents as follows:

### III. FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1. G&P's Response to Request for Production Numbers 1-9, 11-13, 17, 22-28

    RESPONSE: Pursuant to the Federal Rules of Civil Procedure, G&P will produce all documents in its files responsive to the above-referenced Requests for Production the above captioned matter and the subject project in a manner consistent with the manner said records are kept and stored by Plaintiff.

2. G&P's Response to Request for Production Numbers 10, 14-16, 20-21

    RESPONSE: G&P has no knowledge as to the existence of documents identified in the above-referenced requests for production. Based on this information and belief, G&P will produce no documents pursuant to these requests.

3. G&P's Response to Request for Production Numbers 18-19, 29, 30-31, 33

    RESPONSE: G&P has no documents in its possession which relate to the underlying project other than those documents procured by counsel through discovery in that action. Plaintiffs' counsel appointed in the Underlying Action, Mr. Pelzer, is in possession of all pleadings and discovery produced in the Underlying Action, and as such, Plaintiff has access to those documents and information equal to or greater than that of G&P.

4. G&P's Response to Request for Production Numbers 32

    RESPONSE: As of this time, G&P has not identified which documents it may use at trial. Discovery and trial preparation is continuing. As this circumstance changes, G&P will so notify Plaintiff in accordance with the Federal Rules of Civil Procedure.

The court considers the response to these requests for production of documents to be particularly deficient. First of all, it is clear the defendants have not produced any of the documents that were requested. Secondly, the defendants in their response to the requests for production of documents state that they will produce "the above-captioned matter and the subject project in a manner consistent with the manner said records are kept and stored by the plaintiff". Rule 34 of the Federal Rules of Civil Procedure do not allow the defendants to respond in such a nebulous and indefinite manner. Thirdly, in one of the responses, the defendants again refer the plaintiffs to the attorney who is representing the defendants in the South Carolina state action. It is not that attorney's obligation to answer the request for production of documents. It is the obligation of the defendants.

The defendants were required to produce the documents within thirty days after service of the request to produce. The date that the request for production of

documents was sent to the defendants was August 31, 2009. It has now been in excess of 122 days and the documents have still not been delivered to the plaintiffs by the defendants. This method of responding to discovery is thwarting the expeditious administration of justice.

In the "Memorandum in Opposition to Motion to Compel" (#29), defendants counsel has advised that his recovery from a surgery has impeded and prevented his making the appropriate responses to the interrogatories and request for production of documents. He states "on November 10, 2009 counsel for all parties attended the pretrial conference with the court. On that day, due to an extreme shortness of breath, it took counsel nearly twenty minutes to climb the stairs of the court building with a briefcase." (#20, p. 2, ¶ 5). That may well be what happened, however, from the undersigned's own knowledge of the United States Courthouse in Charlotte, North Carolina, the undersigned is aware as one comes in the front door to the courthouse one is presented with a choice: Take stairs to ascend to the appropriate floor; or take an elevator to ascend to the appropriate floor of the courthouse. There is no explanation why defendants counsel did not take the elevator. The plaintiffs' reply states "Plaintiffs' (sic) attorney did not mention illness at the November 10, 2009 pretrial conference nor mention illness to Plaintiffs at any other time before serving on December 22, 2009 a response to Plaintiffs Motion to Compel" (#21, p. 2, ¶ 3). The undersigned assumes that the plaintiffs meant the defendants attorney did not mention illness. In any event, it appears there is a question about whether or not the illness of defendants' counsel precluded the appropriate answers to the interrogatories and

request for production of documents. In any event, however, the defendants counsel did not file a motion for extension of time and has had in excess of 122 days as set forth above, to provide appropriate discovery responses in this matter. The defendants have failed to do so. The plaintiffs Motion to Compel will be allowed and the defendants will be ordered to provide full and complete answers to each and every interrogatory and to provide all documents requested in the request for production of documents.

**III. Fees**

The plaintiffs have requested an award of attorney fees and expenses pursuant to Fed. R. Civ. P. 37(a)(5)(A). The rule provides as follows:

> (5) **Payment of Expenses; Protective Orders.**
>
>   (A) If the Motion Is Granted (or Disclosure or Discovery is Provided After Filing). If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>       (i)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>       (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
>       (iii) other circumstances make an award of expenses unjust.

The undersigned has granted the motion to compel in all respects. As a result, the rule requires the undersigned to provide the plaintiffs and the defendants an opportunity to be heard on the issue of fees and expenses. The plaintiffs are ordered to file by February 3, 2010 affidavits concerning the number of hours reasonably

expended on the Motion to Compel, including the hourly rate of charge. In preparing the affidavits, the plaintiffs should address all factors as enumerated in Johnson vs. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) as modified by Hensley vs. Eckerhardt, 461 U.S. 424 (1983). The plaintiffs should also address in the affidavits the concerns of the Fourth Circuit Court of Appeals as set forth in Robinson vs. Equifax Information Services, LLC, 560 F.3d 235, 243-244 (4th Cir. 2009) regarding additional affidavits necessary to establish the prevailing market rates in the relevant community and reasonableness of the amount of time. The court will consider the relevant community to be the United States District Court for the Western District of North Carolina, Charlotte Division. The defendants shall be allowed to respond in writing to the affidavits on or before February 10, 2010. The undersigned will hear from counsel for the parties at a hearing which will be held in Courtroom #2 of the United States District Courthouse in Asheville, North Carolina on Wednesday, February 17, 2010 at 2:00 o'clock p.m.

ORDER

IT IS, THEREFORE, **ORDERED** that:

1. The plaintiffs' Motion to Compel (#17) is hereby **ALLOWED**. It is **ORDERED** that the defendants are to provide full, complete and sworn answers to the interrogatories (#18-1) and full and complete responses to the request for production of documents (#18-2) and to deliver the responses and documents to the office of plaintiffs counsel on or before **February 10, 2010**.

2. That the parties will be heard concerning the plaintiffs' Motion for Attorney Fees and Expenses, pursuant to Rule 37(a)(5)(A), on **Wednesday, February 17, 2010 at 2:00 o'clock p.m.** The plaintiffs are to file with the court affidavits concerning plaintiffs request for attorney fees and expenses as set forth in the body of this Order on or before **February 3, 2010.** The defendants will be allowed to respond in writing to the affidavits on or before **February 10, 2010**.

Signed: January 19, 2010

_Dennis L. Howell_

Dennis L. Howell
United States Magistrate Judge